**Case No.**

_____

# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

_____

**IN RE COREY JOHNSON,**

**Movant**

_____

## APPLICATION FOR AUTHORIZATION TO FILE
### A SUCCESSIVE MOTION UNDER 28 U.S.C. § 2255
### PURSUANT TO *JOHNSON V. UNITED STATES*, 135 S. CT. 2551 (2015)

_____

Donald P. Salzman
Skadden Arps Slate Meagher & Flom, LLP
1440 New York Ave. NW
Washington, DC 20005
(202) 371-7983
donald.salzman@skadden.com

*Attorney for Petitioner*

Movant, Corey Johnson[1], through undersigned counsel, respectfully asks this Court, pursuant to 28 U.S.C. § 2244(b)(3), to authorize him to file the attached successive Motion to Vacate Conviction Under 28 U.S.C. § 2255(h)(2) Pursuant to *Johnson v. United States,* 135 S. Ct. 2551 (2015) (Appendix 1).  Mr. Johnson makes this request so that he may immediately assert a challenge to his convictions for using or carrying a firearm during and in relation to a "crime of violence," in violation of 18 U.S.C. § 924(c).

Specifically, Corey Johnson seeks to challenge his § 924(c) convictions under *Johnson v. United States,* 135 S. Ct. 2551 (2015), and *Welch v. United States,* 136 S. Ct. 1257 (2016).  *Johnson* held that the residual clause of the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e), is unconstitutionally vague. From *Johnson,* it follows that 18 U.S.C. § 924(c)(3)(B), which defines the "crime of violence" element for purposes of a § 924(c) offense, is also unconstitutionally vague.  Thus, after *Johnson,* Corey Johnson's § 924(c) convictions cannot be sustained.

In *Welch,* the Supreme Court expressly held that *Johnson* applies retroactively to cases on collateral review such as Corey Johnson's.  *Welch,* 136 S. Ct. at 1265.  Further, Corey Johnson has filed this application and the attached §

---

[1] Mr. Johnson's actual first name is "Corey" but it was misspelled as "Cory" in his indictment, in various pleadings filed before this Court, and in the subsequent decisions following his convictions.  Mr. Johnson is using the correct spelling of his name in this pleading.

2255 motion within one year after the Supreme Court issued its decision in *Johnson* on June 26, 2015.

As explained below, Mr. Johnson can make the *prima facie* showing required by 28 U.S.C. §§ 2244(b)(3) and 2255(h)(2). This Court therefore should allow the district court an opportunity to consider the merits of his application.

## INTRODUCTION

On February 3, 1993, Corey Johnson was convicted of twenty-seven counts in the above-captioned indictment, including five counts of using or carrying a firearm during and in relation to a crime of violence or a drug trafficking crime in violation of 18 U.S.C. § 924(c) (Counts 9, 12, 15, 20, and 26) and seven counts of intentional killings committed in the course of a continuing criminal enterprise in violation of 21 U.S.C. § 848(e)(1), each of which was a separate crime of violence. He was also convicted of eleven additional counts of murder, maiming, or assault in the course of a racketeering influenced and corrupt organizations activity in violation of 18 U.S.C § 1959(a), which were also separate crimes of violence. The jury subsequently sentenced Mr. Johnson to seven separate death sentences as a result of his convictions for crimes of violence.

Post-*Johnson,* however, intentional killings under 21 U.S.C. § 848(e)(1)(A) do not qualify as a categorical "crime of violence" within the meaning of § 924(c), nor do murders, maiming, and assaults under 18 U.S.C. 1959(a). This is explained

3

in much greater detail in Part I of Mr. Johnson's proposed successive § 2255 motion.  Because § 848 murder is not a "crime of violence" within the constitutionally valid construction of § 924(c), Mr. Johnson is innocent of the § 924(c) offenses.  As explained in Part III of his proposed successive § 2255 motion, Corey Johnson's death sentences are similarly void because they were certainly influenced by his improper conviction for multiple § 924(c) offenses, and he must be resentenced by a jury for those convictions.

As explained in detail in Part IA of Mr. Johnson's proposed § 2255 motion, the relevant portion of § 924(c) includes two alternative clauses defining a "crime of violence."  The first, § 924(c)(3)(A), is commonly referred to as the "force" or "elements" clause.  It applies to any felony that "has as an element the use, attempted use, or threatened use of physical force against the person or property of another[.]"  The second, § 924(c)(3)(B), is commonly referred to as the residual clause.  It applies to any felony "that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense."

This second definition, the residual clause, is indistinguishable in all material respects from the residual clause of the ACCA that the Supreme Court in *Johnson* deemed unconstitutionally vague.  *See Johnson,* 135 S. Ct. at 2557. Courts have already invalidated a residual clause identical to that in § 924(c).  The

4

residual clause of 18 U.S.C § 16(b) is the mirror image of the residual clause in §

924(c), and the Fifth, Seventh and Ninth Circuits have all struck it down following

*Johnson. See United States v. Gonzalez-Longoria,* 813 F.3d 225 (5th Cir. 2016);

*United States v. Vivas-Ceja,* 808 F.3d 719 (7th Cir. 2015); *Dimaya v. Lynch,* 803

F.3d 1110 (9th Cir. 2015).

Still further, at least two district courts have considered § 924(c)'s residual

clause itself and have found it void for vagueness in light of *Johnson. See United

States v. Lattanaphom,* __ F. Supp. 3d __, 2016 WL 393545 (E.D. Cal. Feb. 2,

2016); *United States v. Edmundson,* __ F. Supp. 3d __, 2015 WL 9311983 (D. Md.

Dec. 30, 2015).  These cases compel the same result in Mr. Johnson's case.

Because § 924(c)'s residual clause is void for vagueness, it cannot constitutionally

define a "crime of violence" for purposes of a § 924(c) conviction.

Furthermore, as explained in detail in Part IIB of Mr. Johnson's successive §

2255 motion, intentional killing under 21 U.S.C. § 848(e)(1)(A) and homicide,

maiming, and assault under 18 U.S.C. § 1959(a) do not categorically qualify as

"crimes of violence" under the remaining force or elements clause because they

can be committed without the use of force, much less violent physical force.  A

defendant can also be convicted of homicide pursuant to § 848(e)(1)(A) if the

intentional killing is actually perpetrated by another person, if the defendant

"commands, induces, procures, or causes" the killing.  And under § 1959(a), a

defendant can be convicted of murder committed by an accomplice even if the defendant did not participate in the killing under a felony murder principle, or can be convicted of felony murder, maiming, or assault during the commission of a felony that itself did not require the use of force.[2]  Thus, homicide under § 848 and intentional killing, maiming, and assault under § 1959(a) do not require as essential elements the use, attempted use, or threatened use of physical force by the defendant.

Because § 924(c)'s residual clause is unconstitutional, Mr. Johnson's § 924(c) convictions and his death sentences pursuant to § 848(e)(1)(A): (1) violate due process; (2) violate the laws of the United States and result in a fundamental miscarriage of justice; and (3) were entered in excess of the district court's jurisdiction.  However, because Mr. Johnson previously pursued a collateral attack on his conviction and sentence under 28 U.S.C. § 2255, he may not pursue relief based upon his *Johnson* claim in the district court without this Court's authorization.

Corey Johnson urges this Court to authorize him to file the attached successive § 2255 motion asserting a *Johnson* claim.  Such authorization is appropriate when the petitioner makes a "*prima facie* showing" that his proposed claim relies on "a new rule of constitutional law, made retroactive to cases on

---

[2] *See, e.g. United States v. Gardner*, No. 14-4533 (4th Cir. May 18, 2016).

collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255(h)(2).

After *Welch,* issued on April 18, 2016, there can be no dispute that *Johnson* announced a new substantive rule of constitutional law that applies retroactively to cases on collateral review. Mr. Johnson has made the required *prima facie* showing that he should be authorized to pursue a successive § 2255 motion.

## PROCEDURAL HISTORY

### A.    Conviction and Sentencing.

Mr. Johnson and six co-defendants, Richard Tipton, James H. Roane, Jr., Vernon L. Thomas, Jerry R. Gaiters, Sterling Hardy, and Sandra Reavis, were jointly charged in this Court with conspiracy to possess with intent to distribute more than 50 grams of cocaine base under 21 U.S.C. § 841(a)(1) (Count 1). In addition, some but not all of the defendants were separately charged with: (i) engaging in a continuing criminal enterprise (hereafter "CCE") in violation of 21 U.S.C. § 848 (Count 2); (ii) while engaged in a CCE, knowingly, intentionally and unlawfully killing nine separately named individuals in violation of 21 U.S.C. § 848(e)(1)(A) (Counts 3, 5, 8, 11, 17, 18, 19, 24, and 25); (iii) knowingly, intentionally, and unlawfully causing the murder of ten separately named individuals as part of an enterprise engaged in racketeering activity in violation of 18 U.S.C. § 1959 (Counts 4, 7, 10, 13, 14, 21, 22, 23, 27, and 28); (iv) using or

7

carrying a firearm during and in relation to a crime of violence or a drug trafficking crime in in violation of 18 U.S.C. § 924(c) (Count 6, 9, 12, 15, 20, and 26); (v) knowingly, intentionally, and unlawfully maiming two separately named individuals in violation of 18 U.S.C. § 1959 (Counts 29 and 30); (vi) knowingly, intentionally, and unlawfully committing assault resulting in serious bodily injury to an individual in violation of 18 U.S.C. § 1959 (Count 16); (vii) knowingly and intentionally distributing cocaine base in violation of 21 U.S.C. § 841(a)(1) (Count 31); and (viii) knowingly and intentionally possessing with intent to distribute more than 50 grams of cocaine base in violation of 21 U.S.C. § 841(a)(1) (Counts 32 and 33).[3]  The government sought the death penalty against Mr. Tipton, Mr. Johnson, and Mr. Roane pursuant to 21 U.S.C. § 848(e)(1) and the jury returned death verdicts against all three men.[4]  Mr. Johnson, specifically, was sentenced to death by the jury on seven counts for the § 848 offenses.

---

[3] Prior to trial, Mr. Thomas' case was severed from his co-defendants' cases and he was tried and convicted in a separate trial.  Although the Government originally sought the death penalty against Mr. Thomas, it later withdrew its death notice prior to trial.  The Government did not seek the death penalty against Mr. Gaiters, Mr. Hardy, or Ms. Reavis.  Mr. Gaiters and Mr. Harvey pled guilty before trial. Ms. Reavis was tried jointly with Mr. Tipton, Mr. Roane, and Mr. Smith, and she was convicted of the one count with which she was charged.

[4] The Presentence Report prepared in Mr. Johnson's case is attached as Appendix 2.  The sentencing phase transcripts from his case are attached as Appendices 3A to 3H.

### B.    Direct Appeal.

Mr. Johnson timely appealed to the Fourth Circuit, raising various issues relating to the guilt and penalty phases of his trial.  The court of appeals rejected all of his arguments and affirmed his convictions and death sentences.  *United States v. Tipton et. al.*, 90 F.3d 861 (4th Cir. 1996).  The United States Supreme Court denied certiorari.  *Roane v. United States,* 5520 U.S. 1253 (1997).

### C.    Previous § 2255 Motion.

Following the denial of certiorari, Mr. Johnson timely filed a motion for collateral relief under 28 U.S.C. § 2255 and later filed several amendments to that motion.[5]  He asserted in the motion and in the amendments to the motion the following claims: (i) error during the jury selection process on a variety of grounds; (ii) prosecutorial misconduct in violation of Mr. Johnson's due process rights on numerous grounds during the jury selection and during the guilt and sentencing phases of the trial; (iii) insufficient evidence to prove Mr. Johnson was a supervisor in a CCE conspiracy; (iv) ineffective assistance of counsel by his trial and appellate attorneys on a variety of grounds during the guilt and sentencing phases of the trial; and (v) constitutional challenges to his death sentences on

---

[5] Mr. Johnson's initial § 2255 motion was docketed under criminal case number 3:92CR68 and civil case number 3:97CV895.  Mr. Johnson's original § 2255 motion and three amended motions he filed are attached as Appendices 4A to 4D.

various grounds.  The district court denied relief.  *United States v. Roane*, No. 3:92CR68 (E.D. Va. May 1, 2003).

The Fourth Circuit affirmed the denial of relief.  *Roane v. United States,* 378 F.3d 382 (4th Cir. 2004).  The United States Supreme Court denied certiorari. *Johnson v. United States,* 546 U.S. 810 (2005).

### D.     *Johnson v. United States.*

On June 26, 2015, the Supreme Court issued its decision in *Johnson,* 135 S. Ct. 2551.  With *Johnson,* the Supreme Court overruled *Sykes v. United States,* 131 S. Ct. 2267 (2011), and *James v. United States,* 550 U.S. 192 (2007), finding ACCA's residual clause too vague to provide adequate notice under the Due Process Clause of the Fifth Amendment.  Specifically, *Johnson* held that "the indeterminacy of the wide-ranging inquiry required by the residual clause both denies fair notice and invites arbitrary enforcement by judges," therefore "[i]ncreasing a defendant's sentence under the clause denies due process of law." 135 S. Ct. at 2557.

### E.     *Welch v. United States.*

After *Johnson* was decided, federal prisoners throughout the country sought to challenge their ACCA-enhanced sentences, as well as convictions and sentences imposed under materially indistinguishable residual clauses, such as that in 18 U.S.C. § 924(c).  This led to conflict over whether *Johnson* announced a new

10

substantive rule, which would apply retroactively to cases on collateral review, or whether it only announced a new procedural rule, which would not necessarily apply retroactively.

On April 18, 2016, the Supreme Court resolved the issue, finding *Johnson*'s rule substantive and thus applicable retroactively to cases on collateral review. *Welch,* 136 S. Ct. at 1265.  After *Johnson* and *Welch,* Mr. Johnson's § 924(c) convictions cannot be sustained, for the reasons stated in detail in his attached § 2255 motion.  Mr. Johnson now requests authorization from this Court to file a successive § 2255 motion in the district court.

## LEGAL STANDARDS

This Court should grant Mr. Johnson's application for authorization to file a successive § 2255 motion in the district court because his motion is predicated on *Johnson,* and the Supreme Court expressly held in *Welch* that *Johnson* announced a new substantive rule that applies retroactively to cases on collateral review.

### A.    Mr. Johnson can make a sufficient showing of possible merit to warrant fuller exploration by the district court.

The gatekeeping provision of the Antiterrorism and Effective Death Penalty Act of 1996 allows a federal prisoner to apply for leave to file a successive § 2255 motion based on "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable."  28 U.S.C. § 2255(h)(2).  Under this provision, a federal prisoner must make a *prima*

11

*facie* showing that the motion to be filed is based on: (1) a new rule of constitutional law; (2) that was previously unavailable; (3) and has been made retroactive by the Supreme Court to cases on collateral review. *See Tyler v. Cain,* 533 U.S. 656, 662 (2001).

This Court has specified that, "*prima facie* showing" of the three requirements to merit the filing of a successor petition under § 2255(h)(2) means "simply a sufficient showing of possible merit to warrant a fuller exploration by the district court." *In re Williams*, 330 F.3d 277, 281 (4th Cir. 2003) (citation omitted). To be clear, the "showing of possible merit" does not refer to the merits of the claims asserted in the petition. Rather, this standard only "relates to the possibility" that the gatekeeping "requirements for the filing of a second or successive petition" under § 2255(h)(2) will be satisfied. *Id*. at 282. In other words, an applicant need only make a prima facie showing that the § 2255(h)(2) standard is met—not a prima facie showing that his claim has merit. While this determination "may entail a cursory glance at the merits . . . the focus of the inquiry must always remain on the [§ 2255(h)(2)] standards." *Id*. As further detailed below, Mr. Johnson easily satisfies the gatekeeping requirements of § 2255(h)(2).

12

### 1. *Johnson* announced a new rule of constitutional law that was previously unavailable.

First, the Supreme Court's decision in *Johnson* announced a new rule. A case announces a new rule if its result was not "*dictated* by precedent existing at the time the defendant's conviction became final." *Chaidez v. United States,* 133 S. Ct. 1103, 1107 (2013) (quoting *Teague v. Lane,* 489 U.S. 288, 301 (1989)). In *Johnson,* the Supreme Court expressly overruled its prior decisions in *Sykes* and *James*, which had held that ACCA's residual clause was not void for vagueness. *See Johnson,* 135 S. Ct. at 2563 ("Our contrary holdings in *James* and *Sykes* are overruled."). As the Supreme Court has made clear, "[t]he explicit overruling of an earlier holding no doubt creates a new rule." *Whorton v. Bockting,* 549 U.S. 406, 416 (2007) (citation omitted). Further, the Supreme Court has put to rest any possible dispute on this front. In *Welch v. United States,* announced on April 18, 2016, the Court proclaimed: "It is undisputed that *Johnson* announced a new rule." 136 S. Ct. at 1264. *Welch* also put to rest any dispute that *Johnson'*s rule is one of "constitutional law," or that this rule was previously unavailable to Mr. Johnson. *See id.*

13

### 2. *Johnson* is retroactive, and the Supreme Court has "made" it retroactive to cases on collateral review.

*Welch* also answers the final question this Court must consider before authorizing Mr. Johnson to file his successive § 2255 motion.  In *Welch,* the Supreme Court explained that *Johnson'*s rule is substantive, because that rule means the residual clause "can no longer mandate or authorize any sentence. *Johnson* establishes, in other words, that 'even the use of impeccable factfinding procedures could not legitimate' a sentence based on that clause."  136 S. Ct. at 1265 (quoting *United States* v. *United States Coin & Currency*, 401 U. S. 715, 724 (1971)).  As such, the Court held, "*Johnson* is thus a substantive decision and so has retroactive effect under *Teague* in cases on collateral review." *Id.*; *accord Woods,* 805 F.3d at 1154.

### 3. *Johnson* invalidates § 924(c)'s residual clause.

Not only does *Johnson* narrow the scope of the ACCA's residual clause, but also, as relevant here, it narrows the scope of 18 U.S.C. § 924(c), and "necessarily carr[ies] a significant risk that a defendant stands convicted of an act that the law does not make criminal."  *Schriro v. Summerlin,* 542 U.S. 348, 352 (2004) (internal quotation marks omitted).  Section 924(c) criminalizes using or carrying a firearm during and in relation to a "crime of violence."  After *Johnson,* certain

14

predicate offenses cannot be categorized as "crimes of violence" consistent with the Due Process Clause. *Johnson* therefore alters what conduct § 924(c) makes criminal.

Here, Mr. Johnson stands convicted of an act that the law does not make criminal, because *Johnson* establishes that the so-called "crime of violence" underlying his § 924(c) conviction cannot constitutionally be considered a crime of violence. *See Bousley v. United States,* 523 U.S. 614, 620 (1998). Indeed, in a recent mandate in *Freeman v. United States,* No. 15-3687 (2d Cir. Jan. 26, 2016), upon the government's concession, the Second Circuit granted a motion to authorize a successive § 2255 motion based on a *Johnson* challenge to a § 924(c) conviction. The Seventh Circuit did the same in a § 924(c) conviction challenge in *Ruiz v. United States,* No. 16-1193 (7th Cir. Feb. 19, 2016).

**B.     Mr. Johnson is entitled to authorization under 28 U.S.C. § 2255(h)(2).**

The analysis above demonstrates that Mr. Johnson has made the *prima facie* showing required under 28 U.S.C. § 2244(b)(3)(C), and his application satisfies § 2255(h)(2) because he has made a "sufficient showing of possible merit to warrant a fuller exploration by the district court."

WHEREFORE, because Mr. Johnson has presented a *prima facie* showing of a tenable claim that all the requirements of § 2255(h)(2) are satisfied, he respectfully requests that his application be granted and that he be authorized forthwith to file in the United States District Court for the Eastern District of Virginia the attached successive motion pursuant to 28 U.S.C. § 2255.

Respectfully submitted,

/s/Donald P. Salzman
Donald P. Salzman
1440 New York Ave. NW
Washington, DC 20005
(202) 371-7983
donald.salzman@skadden.com


Counsel for Corey Johnson

16

## CERTIFICATE OF SERVICE

I hereby certify that on May 19, 2016, the foregoing Application for

Authorization to File a Successive Motion Under 28 U.S.C. § 2255 Pursuant to

*Johnson v. United States*, 135 S. Ct. 2551 (2015) was served on the following by

Federal Express:

Dana J. Boente
United States Attorney for the
Eastern District of Virginia
919 E Main St, Suite 1900
Richmond, VA  23219


/s/Donald P. Salzman
Donald P. Salzman

17