USCA4 Appeal: 16-4    Doc: 2-14    Filed: 05/19/2016    Pg: 1 of 12

# APPENDIX 4D

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

Richmond Division

| | | |
|---|---|---|
| CORY JOHNSON, | ) | |
| | ) | |
| Petitioner, | ) | Crim. No. 3:92CR68 |
| v. | ) | |
| | ) | Civil No. 3:97CV895 |
| UNITED STATES[1], | ) | |
| | ) | |
| Respondent. | ) | |

PETITIONER JOHNSON'S
THIRD AMENDMENT TO INITIAL PETITION FOR WRIT OF
HABEAS CORPUS PURSUANT TO 28 U.S.C. SECTION
2255 AND MEMORANDUM IN SUPPORT OF PETITION

Petitioner, Cory Johnson, a federal prisoner now in the custody of the United States, currently held at the Federal Correctional Institution, Terre Haute, Indiana, under sentence of death, submits this Third Amendment to his previously filed petition for a writ of habeas corpus pursuant to 28 U.S.C. Section 2255 and memorandum in support thereof. On August 3, 1999, this Court granted Johnson leave to amend his petition and ordered the amendment filed no later than Friday, October 1, 1999.

Petitioner asserts the various grounds for granting a writ of habeas corpus both individually and cumulatively. Because of the cumulative nature of the alleged errors and the prejudice resulting therefrom, Petitioner hereby incorporates by reference his initial petition, memorandum in support, and all subsequent amendments and pleadings in support of his motion for habeas relief. He also incorporates each of the grounds for

---

[1] As noted in the text, Johnson is no longer in custody in a Virginia prison. With this pleading, the caption has been corrected to reflect the United States as Respondent.

relief stated by his codefendants Richard Tipton and James Roane, Jr., to the extent that they apply to him.

Johnson was convicted under 21 U.S.C. sec. 848(c), which prohibits participation in a continuing series of narcotics violations that meet specified criteria. Upon conviction, he was sentenced to death.

CLAIM XII:    THE DISTRICT COURT FAILED PROPERLY
              TO INSTRUCT THE JURY ON THE ESSENTIAL
              ELEMENTS OF THE CCE STATUTE IN VIOLATION
              OF PETITIONER'S SIXTH AMENDMENT
              <u>RIGHT TO TRIAL BY JURY.</u>

In <u>Richardson v. United States</u>, __ S. Ct. __ (1999), 1999 WL 342214 (U.S.), the Supreme Court held that a jury in a federal Continuing Criminal Enterprise ("CCE") case [21 U.S.C. sec. 848] must unanimously agree not only that the defendant committed some `continuing series of violations,' but must unanimously agree on which specific `violations' make up that `continuing series.'  In reaching that decision, the Court interpreted the CCE statute and held that each violation in the series constitutes a separate element of the offense.  The jury must specify which of the violations charged make up the continuing series.  The Court explained:

> Our decision will make a difference where . . . the Government introduces evidence that the defendant has committed more underlying drug crimes than legally necessary to make up a `series.' (We assume, but do not decide, that the necessary number is three, the number used in this case.)

<u>Id.</u> at 4.                          * * *

> To hold that each `violation' here amounts to a separate element is consistent with a tradition of requiring juror unanimity where the issue is whether a defendant has engaged in conduct that violates the law.  To hold the contrary is not.

<u>2</u>

Id. at 5.  With this decision, the Court resolved a split in the circuits.  Compare, e.g., United States v. Edmonds, 80 F.3d 810, 822  (3rd Cir. 1996) (en banc) (jury must unanimously agree on which `violations' constitute the series), with United States v. Hall, 93 F.3d 126, 129 (4th Cir. 1996) (unanimity with respect to particular `violations' is not required).  The Richardson Court specifically reserved the question of whether such an error may be "harmless."

A.     The Proceedings Below

On direct appeal, Johnson had raised this very issue.  He argued that the district court committed plain error in failing to instruct that a CCE conviction required jury unanimity as to which narcotics violations constituted the series[2].  The district court had given only a general unanimity instruction.  JA 4057.  ("Any verdict must represent the considered judgment of each juror.  In order to return a verdict, it is necessary that each juror agree thereto.  In other words, your verdict must be unanimous.")

The district court's charge on Count 2, the CCE count, failed to treat the defendants separately and was particularly likely to confuse the jury.  Thus, the jury could convict without making the necessary finding that each defendant committed a

---

[2]  Where an issue has been decided on direct appeal and there is a subsequent change of law, the petitioner may raise the issue again under sec. 2255.  See Davis v. United States, 417 U.S. 333, 342;  Sales v. United States, 139 F.3d 322, 324-25 (2d Cir.), cert. denied, 118 S. Ct. 2377 (1998);  Underwood v. United States, 15 F.3d 16, 18 (2d Cir. 1993);  English v. United States, 998 F.2d 609, 612-13 (8th Cir. 1993).

3

"continuing series of violations."  The charge contained the following relevant provisions:

> Now, in order to sustain its burden of proof for the crime of engaging in a Continuing Criminal Enterprise as charged in Count Two of the indictment, the government must prove the following five essential elements with respect to each individual defendant charged beyond a reasonable doubt:  One, the defendant committed a felony violation of the federal narcotics laws; <u>two, such violation was part of a continuing series of related violations of federal narcotics laws; three, the continuing series of violations was undertaken by the defendants</u> in association or in concert with five or more other persons; four, the defendant was an organizer of these five or more other persons, or occupied a management or supervisory position with respect to these five or more other persons; five, the defendant obtained substantial income or resources from the continuing series of narcotic violations.
>
> *   *   *
>
> The first phrase:  "Felony violation."  The phrase "felony violation of the federal narcotics laws" as used in these instructions means the commission of any act specifically prohibited by certain sections of the United States Code for which a defendant could be imprisoned for more than one year.  The distribution or possession with intent to distribute cocaine or crack cocaine in violation of 21 U.S. Code Section 848(a)(1) is a felony violation of the narcotics laws.
>
> What is a continuing series of violations?  A continuing series of violations means at least three violations of the federal drug laws as charged in Counts One, Three, Five, Eight, Eleven, Seventeen, Eighteen, Nineteen, Twenty-four, Twenty-five, Thirty-one, Thirty-two, and Thirty-three of the indictment before you.  It also requires a finding that those violations were connected together as a series of related or ongoing activities as distinguished from isolated and disconnected acts.

JA 4035-36 (emphasis added).

The district court's jury charge posited 13 violations that were alleged to satisfy the "continuing series" requirement[3].  Of the 13 violations listed, only Counts 1, 31, and 32, charged Johnson with violations of sec. 841(a)(1) or sec. 846 (prohibiting distribution,

---

[3]  The charge impermissibly amended the indictment that had alleged only violations of sec. 841 and 846 in Count Two.  Count Two failed to identify what three (or more) violations by Johnson were alleged to comprise the requisite continuing series under the CCE statute.

4

possession with intent to distribute, or conspiracy to do so) as charged in the indictment. The charge included counts not charged against Johnson (Counts 3, 5, and 33). The remaining counts charged intentional murder by one "engaged in a CCE" or "working in furtherance" of the CCE under sec. 848(e), although not alleged in Count Two of the indictment. Further confusing the issue, the district court erred when charging on the third element when the court stated that the prohibited continuing series of violations "was undertaken by the defendants," rather than by each individual defendant. JA 4035.

The jury delivered a general verdict finding Johnson "guilty" of the CCE (Count 2). The jury never specified which three or more predicate acts the jury found had satisfied the continuing series requirement. As the Supreme Court observed in Richardson, there is a real risk that juror disagreement about a defendant's role in specific violations will be hidden absent a unanimity requirement. In addition, where multiple criminal acts are involved, the risk is increased that "jurors, unless required to focus upon specific factual detail, will fail to do so, simply concluding from testimony, say, of bad reputation, that where there is smoke there must be fire." Richardson at 5. In Johnson's case, there was the additional risk that the jurors considered violations not charged against Johnson when finding three violations that satisfied the CCE statute. See United States v. Edmonds, 80 F.3d 810, 823 (3rd Cir. 1996) (reasonable likelihood that jury interpreted the district court's general unanimity instruction to require agreement only that some three predicate violations occurred and not that the same three violations occurred).

Furthermore, the CCE statute requires not just three violations but three related and continuing violations. Without knowing which three (or more) violations by Johnson

5

the jurors found to have satisfied the continuing series requirement, it is <u>impossible</u> to review the jury's determination that the three were <u>related</u> as required for a CCE conviction.

The Fourth Circuit reviewed the issue under the plain error rule since no objection had been raised at trial[4]. <u>United States v. Tipton</u>, 90 F.3d 861, 885 (4th Cir. 1996), <u>cert. denied</u>, 117 S. Ct. 2414 (1997). Noting that the circuits were split on the issue, the Fourth Circuit did not rule on the unanimity question but, instead, addressed only the issue of prejudice. The Court held that actual prejudice could not be demonstrated since:

> [T]he jury unanimously found each [defendant] guilty of at least five predicate violations: the conspiracy charged in Count 1, the drug possession charged in Count 32, and at least three of the sec. 848(e) murders as variously charged to them.

<u>Ibid.</u> In light of <u>Richardson</u>, the Fourth Circuit erred in its analysis. The district court's error in refusing the instruction was "structural," and therefore subject to automatic

---

[4] Although the law of the Circuit at the time of Johnson's trial did not support the motion, the Circuits were in conflict on the issue. Counsel rendered ineffective assistance when he failed to raise the claim at trial. Petitioner has raised a claim of ineffective assistance concerning the jury instructions in his initial Memorandum in support Claim IV(7). He now amends that claim to allege ineffective assistance in failing to request a jury instruction requiring unanimity on the predicate acts that constitute the "continuing series" under the CCE statute (Claim IV(7)(c). Johnson was prejudiced for the reasons stated herein.

<u>6</u>

reversal, without any inquiry into prejudice[5].

     B.    <u>The Erroneous CCE Charge Was A Structural Defect</u>

"Although most constitutional errors have been held amenable to harmless error analysis, some will always invalidate the conviction." <u>Sullivan v. Louisiana</u>, 508 U.S. 275, 279 (1993). Errors that "necessarily render a trial fundamentally unfair," and which "deprive defendants of 'basic protections' without which 'a criminal trial cannot reliably serve its function as a vehicle for determination of guilt or innocence . . . and no criminal punishment may be regarded as fundamentally fair," require reversal in all cases, independent of any showing of actual prejudice. <u>Rose v. Clark</u>, 478 U.S. 570, 577-78 (1986).

The error at issue here -- the Court's failure to instruct the jury that to convict Cory Johnson of involvement in a CCE, it was required to agree unanimously on which specific "violations" made up the "continuing series of violations" required by the CCE statute -- was clearly not in the class of "trial errors which occur `during the presentation of the case to the jury, and which may therefore be quantitatively assessed in the context of other evidence presented.'" <u>Sullivan</u>, <u>supra</u>, 508 U.S. at 307-08. Rather, it belongs to the class of "structural defects in the constitution of the trial mechanism, which defy analysis by 'harmless error standards." <u>Id.</u> at 307 (<u>quoting</u> <u>Arizona v. Fulminante</u>, 499 U.S. 279, 307-09 (1991)).

A criminal defendant is, of course, entitled to have a jury consider the evidence,

---

[5] Moreover, even if harmless error analysis were appropriate here (which it is not), the error was far from harmless.

and decide whether the defendant's acts constitute a crime. But errors occurring in the course of trial, such as the improper admission of particular evidence, may be assessed under the harmless error standard, because an appellate court reviewing the case "simply reviews the remainder of the evidence against the defendant to determine whether the admission of the [improper evidence] was harmless beyond a reasonable doubt. Arizona v. Fulminante, 499 U.S. 279, 310 (1991).

In addition, however, a criminal defendant is entitled to acquittal unless the jury determines guilt unanimously. By contrast to situations in which an appellate court may determine for itself whether, in light of properly admitted evidence, the improper admission of particular evidence was harmless beyond a reasonable doubt, a jury that does not act unanimously produces `consequences that are necessarily unquantifiable and indeterminate," and therefore not amenable to harmless error analysis. Sullivan, supra, 508 U.S. at 282. For example, a general verdict of guilty rendered by a jury that had been instructed that a simple majority was sufficient for conviction could not be upheld under harmless error analysis, no matter how strong the evidence against the defendant. This is so because the question facing the appellate court is "not whether, in a trial that occurred without the error, a guilty verdict would surely have been rendered, but whether the guilty verdict actually rendered . . . was surely unattributable to the error." Sullivan, supra, 508 U.S. at 279.

The right to a unanimous verdict is so critical that it is one of the few rights that may not be waived, in any circumstances. United States v. Ullah, 976 F.2d 509, 513 (9th Cir. 1992); United States v. Gipson, 553 F.2d 453, 456 n.4 (5th Cir. 1977). As then-Judge Kennedy stated, the requirement of a unanimous verdict underlies the very framework of

8

our criminal system:

> The dynamics of the jury process are such that often only one or two members express doubt as to the view held by a majority at the outset of deliberations. A rule which insists on unanimity furthers the deliberative process by requiring the minority view to be examined and, if possible, accepted or rejected by the entire jury. The requirement of jury unanimity thus has a precise effect on the fact-finding process, one which gives particular significance and conclusiveness to the jury's verdict. Both the defendant and society can place special confidence in a unanimous verdict. . .

United States v. Lopez, 581 F.2d 1338, 1341-42 (9th Cir. 1978). In our system, it is insufficient for conviction that a jury merely agree that the defendant is an evildoer. See, e.g., Lanzetta v. New Jersey, 306 U.S. 451 (1939). Since the criminal law punishes acts, rather than persons, the jury must first agree, unanimously, on "just what a defendant did as a step preliminary to determining whether the defendant is guilty of the crime charged." United States v. Gipson, 553 F.2d 453, 457-58 (5th Cir. 1977).

By failing to instruct the jury that it could convict on the continuing criminal enterprise counts only if it agreed unanimously on the three specific, related, underlying violations alleged to make up the "continuing series of violations" necessary to prove a CCE, 21 U.S.C. sec. 848(c)(2), the trial court deprived Johnson of his right to trial by jury in violation of the Sixth Amendment.

The conviction should be vacated and the relief requested granted.

Respectfully submitted,

CORY JOHNSON

By:

Barbara L. Hartung
VSB 38062
1001 East Main Street

9

Suite 504
Richmond, VA  23219
(804) 649-1088

Edward E. Scher
VSB 23064
Thorsen Marchant & Scher, LLP
316 West Broad Street
Richmond, VA  23220-4219
(804) 644-0711

Counsel for Cory Johnson

October 1, 1999

10

CERTIFICATION

I hereby certify that one copy of Petitioner Johnson's Third Amendment To

Initial Petition For Writ Of Habeas Corpus Pursuant to 28 U.S.C. 2255 And To

Memorandum In Support Of Petition was mailed on October 1, 1999, to:

Robert J. Erickson                  Wingate Grant
Deputy Chief, Criminal Division     Assistant U.S. Attorney
Appellate Section                   U.S. Attorney's Office
U.S. Department of Justice          600 E. Main Street
Room 6102, Patrick Henry Building   Suite 1800
601 D Street, N.W.                  Richmond, VA  23219
Washington, D.C.  20530             (804) 819-5400
(202) 514-2841

Counsel for Respondent

Scott L. Nelson
Paul F. Enzinna
Michael J. Barta
Miller, Cassidy, Larroca & Lewin, L.L.P.
2555 M Street, N.W.
Washington, DC  20037
(202) 293-6400

Counsel for James H. Roane, Jr.


Donald R. Lee, Jr.
Frederick R. Gershon
1015 East Main Street - 4th
Richmond, VA  23219
(804) 649-2128

Counsel for Richard Tipton


Barbara L. Hartung

x:\rcp materials\briefs\2255\amend.003.wpd

11